IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRENT D. ANTWINE | ) |
| | ) |
| Defendant. | ) |
| _____ | ) CASE NO: A03-0123-CR (JWS) |

## PRE-SENTENCE MEMORANDUM

Hugh W. Fleischer, on behalf of defendant, Trent D. Antwine hereby files his

Pre-Sentence Memorandum.

### SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT . . . . . . . . . . . . 46 MONTHS\***

**SUPERVISED RELEASE  . . . . . . . . . . . . . . . 3 YEARS**

**SPECIAL ASSESSMENT.  . . . . . . . . . . . . . $100.00**

\* Under the reasoned argument that Mr. Antwine deserves recognition

under USSG § 5K1.1.

Mr. Antwine asserts that the alleged relevant conduct contained in the

Presentence Report ("PSR") is unwarranted and without sufficient indicia of

proof.

Under the history and characteristics of Mr. Antwine, under 18 U.S.C. §

3553 (1), it is noted that he grew up in a functional and constructive home with a

loving and caring family.  He was a successful High School student, where he graduated from Oakland (California) High School.  There he had been a field and track star.  He received a possible athletic scholarship from Brigham Young University;  however he, being an African-American and his family understandably were concerned about the then-present racial discriminatory policies and practices of the Church of Latter Day Saints, which operated the said University.  It was on that basis that he did not pursue an education at that institution.  He did attend post-secondary colleges thereafter, but did not take a degree.  In addition to what is mentioned in the PSR, Mr. Antwine worked, for approximately two years, in a sports shop in both Hayward and Oakland, California.  He also worked at Taco Bell, Cala Foods, where he was a resp3ected member of the produce department.  He worked at Vaughn's Roofing and a Mom and Pop T-Shirt business, in which he was involved in putting logos on t-shirts.

Notwithstanding the positive home environment, Mr. Antwine came under the influence of illicit drugs, starting, egregiously, with his own high school track coach, who was a drug user and pusher and another school counselor, who was in an identical situation to the track coach.  Drugs ruled his life and he fell completely under their spell.  That is the situation at the time of this sentencing.

As to the Advisory Sentencing Guidelines, first Mr. Antwine adopts and incorporates herewith the Objections To Presentence Report, filed on May 26, 2004, which, of course the Final Presentence Report referenced such objections.

2

Mr. Antwine strongly objects to the enhancement for role under § 3B1.1*. As was stated in the Objections to the PSR (¶ 15), Mr. Antwine was not

* The government cited § 3C1.1 (b), which relates to Obstruction of Justice.

in a position to be a manager or supervisor, incarcerated or homeless. Moreover, he was not involved with Mr. Barnum during this period. During the 2002 period, he worked with Mr. Barnum but only as to a legitimate business, Platinum Pete's Clothing Business. Therefore, Mr. Antwine respectfully requests that such provision not apply.

Mr. Antwine strongly asserts that he is not subject to the Career Offender determination under USSG § 4B1.1. In **Shepard v. U.S.**, 125 S. Ct. 1254 (2005), in applying the doctrine of constitutional avoidance, the Court construed the Armed Career Criminal Act ("ACCA") to preclude a sentencing court from considering extra-judicial records to determine whether a prior conviction constituted an ACCA predicate conviction. In Shepard, the Court rejected the government's argument that the court should be permitted to look outside the indictment and plea colloquy to establish the characteristics of the prior conviction. Extrajudicial records, such as police reports generated at the time of the arrest, contain facts not proven in conformance with the Sixth Amendment.

It is important to note that Justice Clarence Thomas, in his concurring opinion in Shepard, stated that, by his count, a majority of the Supreme Court justices now reject the holding in **Almendarez-Torres v. U.S**., 253 U.S. 224

(1998), which had allowed an exception to the Fifth Amendment for the fact of prior conviction, and now believe that prior convictions are entitled to the Fifth Amendment Indictment requirement. This conclusion is especially true in tandem with *Clark v. Martinez*, 125 S. Ct. 716 (2005). Thus, Mr. Antwine urges this Court to exercise the doctrine of constitutional avoidance and preclude the alleged prior convictions because they were not made part of the Indictment herein and proven beyond a reasonable doubt.

Alternatively, Mr. Antwine does not agree that the burglary offense should be included. When it is clear that the participants in this activity, including Mr. Antwine had personal knowledge of the Homeowner and were certain that she was absent from the residence before the entry and were unarmed, takes it out of any reasonable reading of the term, "Crime of Violence." The definition in the Commentary of "Crime of Violence" states that murder, manslaughter kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion are such crimes and then only gets to burglary of a dwelling. Under the canon of construction, *in pari materia*, that states that statutes or other legal documents maybe construed together, so that inconsistencies are eliminated, burglary, when factually uninhabited, is wholly inconsistent with each and every other aspect of the definition, so that this Court may reasonably exclude the same from the definition, keeping in mind that the Guidelines are advisory, only, under *U.S v. Booker*, 125 S. Ct. 738 (2005).

However, if this Court does not accept the foregoing, and determines to invoke the Career Offender provision under USSG § 4B1.1, Mr. Antwine should

4

receive a level 24. The Offense Statutory Maximum under (b) of such Guideline, says that 25 years or more results in an offense level of 34, as stated by the government. The Offense Level, however has an asterisk which provides that "[i]f an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment. As noted in the government's Sentencing Memorandum (¶ 4), he is entitled to a three-level decrease for Acceptance of Responsibility. Under the Offense Level in § 4B1.1(b), that decrease would result in a level 24.

Mr. Antwine deserves a reduction in his sentence for cooperation and substantial assistance under USSG § 5K1.1. It is understood that the government has asserted that it does not believe his fully cooperative and truthful assistance was sufficiently beneficial. It is Mr. Antwine's position that this Court can make an independent judgment on the question of whether the provision should apply. See ***Booker***, *supra*. The government has acceded to the fact that his cooperation was truthful and went beyond the Federal authorities to include assistance to the Alaska State Troopers. Moreover, Mr. Antwine asserts that it was his intention to testify against the last defendant to be tried that resulted in that person deciding to change his plea, thus saving the Court and the government a great deal of money and resources. In addition, there was a danger and risk of injury to Mr. Antwine and to his family. His Mother and sister were very concerned about their personal safety because of Mr. Antwine's cooperation. They live in Oakland, California, where a number of the co-defendant's families live. Both were frightened and worried as Mrs. Antwine

5

went top work as a Public Service Nurse and the daughter went to school.

Therefore, Mr. Antwine asks this Court to make the judgment that he is entitled to relief under § 5K1.1 and ask that his sentence be reduced to level 16 and that he be sentenced to 46 months.

In addition, Mr. Antwine asks that this Court recommend to the Bureau of Prisons ("BOP") in the Judgment that Mr. Antwine serve his sentence at FCI Herlong, Herlong, California and that he be authorized to take the BOP's 500 hour drug and alcohol therapy course.

DATED at Anchorage, Alaska, this 29th day of January, 2006.

LAW OFFICES OF HUGH W. FLEISCHER
Attorney for Defendant


s/Hugh W. Fleischer
Hugh W. Fleischer
AK Bar # 7106012

9478/519

310 K. Street, Suite 200
Anchorage, AK 99501
Phone: (907) 264-6635
Fax: (907) 264-6602
E-mail: hfleisch@aol.com

CERTIFICATE OF SERVICE

I certify that on the 29th day of
January, 2006, a true copy of the
foregoing was delivered by E-mail

Frank V. Russo
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, AK 99513-7567
E-mail: frank.russo@usdoj.gov


_s/ Hugh W. Fleischer

6